**Richard Carlton RISHER,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 92–55274.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 1993 *.

Decided May 7, 1993.

34(a) and Ninth Circuit Rule 34–4.

Richard Carlton Risher, pro per, Leavenworth, KS, for petitioner-appellant.

Saul D. Brenner, Asst. U.S. Atty., Los Angeles, CA, for respondent-plaintiff-appellee.

Before CANBY, and NORRIS, Circuit Judges, and TANNER, District Judge.**

WILLIAM A. NORRIS, Circuit Judge:

Appellant Richard Carlton Risher claims that his counsel's failure to advise him before he pleaded guilty that he might be sentenced under the Sentencing Reform Act constituted ineffective assistance of counsel in violation of the Sixth Amendment. The district court

** Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation.

rejected the claim and denied his petition for habeas corpus under 28 U.S.C. § 2255. We reverse and remand to the district court for a determination whether Risher's counsel failed to advise him of the potential applicability of the career offender provisions of the Guidelines, and, if that failure is established, for a determination whether it was prejudicial.[1]

At the time Risher pleaded guilty it was the law of this circuit that the Sentencing Reform Act was unconstitutional. *Gubiensio–Ortiz v. Kanahele,* 857 F.2d 1245 (9th Cir.1988), *vacated sub nom. U.S. v. Chavez–Sanchez,* 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989). Before Risher's sentencing hearing, however, it had become the law of the land that the Act was constitutional. *U.S. v. Mistretta,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Risher claims, and we so hold, that his counsel's failure to warn him before he entered his guilty plea of the risk he might be sentenced under the Guidelines fell below the level of professional competence required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

When Risher pleaded guilty in November 1988, *Gubiensio–Ortiz,* which had been decided in August 1988, was "far from settled law." *U.S. v. Robinson,* 958 F.2d 268, 271 n. 4 (9th Cir.1992). When the Supreme Court granted certiorari in *Mistretta* in June 1988, counsel was on " 'notice that the Guidelines were in effect and that the Supreme Court might vacate [*Gubiensio–Ortiz* ].' " *U.S. v. Boise,* 916 F.2d 497, 505 (9th Cir.1990) (quoting *U.S. v. Gonzalez–Sandoval,* 894 F.2d 1043, 1053 (9th Cir.1990)), *cert. denied,* —— U.S. ——, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991). Moreover, as the Supreme Court noted in *Mistretta,* the federal courts were in "disarray" over the constitutionality of the Sentencing Reform Act. 488 U.S. at 371 & n. 6, 109 S.Ct. at 654 & n. 6.

We hold that under these circumstances, a competent lawyer would have warned Risher of the significant risk that he

1. We dispose of Risher's two other claims in a memorandum disposition filed simultaneously with this opinion.

would be sentenced under the career offender provisions of the Guidelines. A lawyer who failed to so advise his client cannot be said to have been functioning as counsel within the meaning of the Sixth Amendment.[2]

If Risher demonstrates that his counsel failed to advise him as required, he must also demonstrate that he was prejudiced by his counsel's deficient performance by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Whether Risher can show that the advice of effective counsel would have caused him to reject the plea bargain is a highly fact specific question, best considered in the first instance by the district court. *Iaea v. Sunn,* 800 F.2d 861, 865–66 (9th Cir.1986). Accordingly, we remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

2. Risher's counsel's alleged ineffectiveness did not end with his failure to inform his client of the possibility of sentencing under the Guidelines. His performance at the sentencing hearing may have been similarly deficient, as he appeared to be unaware that Risher was being sentenced under the Guidelines. He asked, for example, that the court recommend parole after one third of the sentence. Sentencing Hearing Transcript at 24. The district judge replied that she would not be able to do that because the Guidelines had abolished the former parole system. *Id.* at 25. Risher's counsel persisted, indicating that the basis for his request was that the court was "giving a sentence under the old law." *Id.* The district judge again explained that she was not sentencing under the old law, but under the Guidelines. *Id.*