51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Dominique MAYFIELD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-35421.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 29, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Dominique Mayfield, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his guilty plea for first degree murder. Mayfield contends that the district court judge did not make an adequate factual finding into appellant's guilty plea. Additionally, Mayfield contends that his trial counsel rendered ineffective assistance of counsel because counsel misinformed appellant about the potential for the death penalty if he was proven guilty at trial. We review de novo both the denial of a Sec. 2255 motion and a determination that the defendant received his Sixth Amendment right to effective assistance of counsel, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.
 
 I.
 
 3
 Mayfield knowingly and voluntarily dismissed his direct appeal, and thus waived many of his potential appellate claims. He may not seek Sec. 2255 relief for claims which could have been raised on direct appeal. See United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). A voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984). In Mayfield's Faretta hearing, the court carefully questioned appellant to insure that he knew the consequences of his motion to dismiss his appeal.
 
 
 4
 Mayfield's original plea hearing was complete and in compliance with Fed.R.Crim.P. 11. The trial court questioned Mayfield in great detail at that hearing, and we are satisfied that appellant entered into the plea voluntarily and with full knowledge of the consequences of such a plea.[1]
 
 II.
 
 5
 In reviewing claims of ineffective assistance of counsel, we must determine whether counsel's action fell below the level of professional competence required by Strickland v. Washington, 466 U.S. 668 (1984). Mayfield contends that his trial counsel rendered ineffective assistance by misinforming him about the potential for receiving the death penalty.
 
 
 6
 Appellant plead guilty to one count of murder in the first degree under 18 U.S.C. Sec. 1111. That statute provides for the possibility of a death penalty. Thus, appellant's two court-appointed attorneys were correct when they told him that he may have faced a death sentence if he was found guilty at trial. In fact, failure to advise him of this consequence would have constituted ineffective representation. See Risher v. United States, 992 F.2d 982, 983 (9th Cir.1993).
 
 
 7
 It does not matter that the Justice Department had not yet decided whether or not to seek the death penalty at the time of the plea bargain. In fact, all the defense attorneys encouraged the Government to postpone the indictment to allow time for the negotiation of a plea bargain. A plea of guilty is not invalid merely because it is entered into to avoid the possibility of a death penalty. Brady v. United States, 397 U.S. 742, 755 (1970).
 
 
 8
 The Government had overwhelming physical and testimonial evidence that Mayfield participated in the murders of Alan King Sr., his two sons, and his step-son. Counsels' strategy to seek a plea bargain rather than expose their client to a potential death sentence was well within the range of sound trial strategy. See Strickland, 466 U.S. at 690.
 
 III.
 
 9
 Thus, we discern no error in the district court's denial of Mayfield's Sec. 2255 motion without conducting an evidentiary hearing. See Watts v. United States, 841 F.2d 275, 278 (9th Cir.1988) (per curiam).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mayfield's reliance on United States v. Caro, 997 F.2d 657 (9th Cir.1993), is misplaced. In Caro, the trial court did not make an adequate voluntariness inquiry with regard to the "package nature" of the plea bargain. Though the instant case also involves a package deal plea agreement, the trial court here carefully questioned appellant to ensure that he was acting of his own free will, and that his decisions were not dependent on how the other defendants plead