67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Carlton RISHER, aka Richard C. Risher, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56477.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1995.*
Decided Oct. 3, 1995.
 
 1
 Before: BROWNING, PREGERSON, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Richard Carlton Risher appeals from the district court's denial of his petition for a writ of habeas corpus. Risher claims that he was prejudiced by his attorney's failure to advise him regarding the Sentencing Guidelines, a failure we previously have held to constitute ineffective assistance of counsel. See Risher v. United States, 992 F.2d 982 (9th Cir.1993). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 4
 On November 21, 1988, Petitioner Richard Carlton Risher plead guilty to four counts of unarmed bank robbery, in violation of 18 U.S.C. Sec. 2113(a).[1] At the time of the plea agreement, the Sentencing Guidelines were unconstitutional under the law of this Circuit. See Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988), vacated sub nom., U.S. v. Chavez-Sanchez, 488 U.S. 1036 (1989). Thus, both Risher and the government understood that Risher would be sentenced under the law in effect before the Guidelines were enacted ("pre-Guidelines law"). A Pre-Sentence Investigation Report prepared at that time indicates that if Risher had opted to be tried, and had been convicted on all counts to which he plead guilty, he would have received a sentence in the range of 100 to 148 months imprisonment under the pre-Guidelines law. E.R. at 298.
 
 
 5
 Shortly before Risher was scheduled to be sentenced, the Supreme Court upheld the constitutionality of the Sentencing Guidelines. U.S. v. Mistretta, 488 U.S. 361 (1989). The probation office prepared another Pre-Sentence Investigation Report, calculating Risher's sentencing range under the Guidelines. The probation officer determined that Risher was a "career offender" under USSG Sec. 4B1.1 because he had been convicted of two prior felonies. This determination increased Risher's sentencing range to 210 to 262 months imprisonment. E.R. at 307.
 
 
 6
 Risher's attorney did not advise Risher before he agreed to plead guilty that, if he did so, he would risk having his sentence enhanced pursuant to the career offender provisions of the Guidelines. On February 15, 1989, the sentencing judge, the Honorable Pamela A. Rymer, sentenced Risher under the Sentencing Guidelines to a term of 168 months imprisonment and four years supervised release. Judge Rymer departed downward from the lower end of Risher's sentencing range (210 months) because Risher cooperated with the government in providing truthful and helpful information. On October 6, 1989, Judge Rymer reduced Risher's sentence to 120 months for accepting responsibility for his crimes under USSG Sec. 3E1.1(a).
 
 
 7
 Risher then filed a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2255, alleging that his sentence violated the due process and ex post facto clauses of the Constitution; that his sentence constituted a breach of his plea agreement; and that he was deprived of effective assistance of counsel because his attorney failed to advise him of the risk that he might be sentenced as a career offender under the Guidelines if he plead guilty. On January 30, 1992, the district court denied Risher's petition.
 
 
 8
 On appeal, we reversed the district court's order with respect to the ineffective assistance of counsel claim. Risher v. U.S., 992 F.2d 982 (9th Cir.1993). We held that a competent lawyer would have warned Risher of the significant risk that he would be sentenced under the career offender provision of the Guidelines. Id. at 983-84. We remanded the case to the district court to determine whether Risher's counsel in fact failed to advise him as required, and whether there was "a reasonable probability that, but for counsel's errors, [Risher] would not have plead guilty and would have insisted on going to trial." Id. at 984 (quotations omitted).
 
 
 9
 On remand, the district court found that Risher's attorney did not advise Risher as required, but that even if Risher's attorney had so advised him, Risher would still have plead guilty because there was overwhelming evidence of his guilt and because he would have received a much higher sentence had he gone to trial and been convicted. Risher now appeals.
 
 ANALYSIS
 
 10
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). A claim of ineffective assistance of counsel is also reviewed de novo. Id.
 
 
 11
 The district court correctly concluded that the failure of Risher's counsel to advise him that he may be sentenced as a career offender did not prejudice him. Even if Risher knew of the risk of being sentenced as a career offender, there is no "reasonable probability," see Risher v. U.S., 992 F.2d 982, 984 (9th Cir.1993), that he would have insisted on going to trial.
 
 
 12
 1. There was overwhelming evidence of Risher's guilt.
 
 
 13
 It is highly unlikely that Risher would have opted to proceed to trial even if his attorney had advised him of the risk that he might be sentenced as a career offender. Risher was aware that the government possessed overwhelming evidence of his guilt: (1) surveillance photographs in the banks showed Risher as the robber; (2) tellers positively identified Risher through a photographic array; (3) several eyewitnesses were prepared to testify that they saw Risher rob the banks; and (4) Risher admitted to his counsel that he did in fact rob the banks in question; thus his counsel probably would not have allowed him to testify at trial.
 
 
 14
 Risher's attorney discussed with Risher the "overwhelming strength" of the government's evidence against him and the fact that he had "essentially no chance of being acquitted had he proceeded to trial." Declaration of John D. Robertson, E.R. at 4. Risher understood the advantages to pleading guilty: He would be pleading guilty to four counts of unarmed bank robbery instead of taking the risk of being convicted of the fifteen counts of bank robbery with which he was charged; the government would dismiss all of the charges involving the use of a firearm; and his cooperation with the government would lead to a reduced sentence. Thus, in all likelihood, Risher would have plead guilty even if he had known that he might be sentenced as a career offender under the Guidelines.
 
 
 15
 2. The sentence that Risher would have received had he proceeded to trial would have been substantially higher than the sentence he received by pleading guilty.
 
 
 16
 Risher plead guilty on November 21, 1988. Mistretta, which upheld the constitutionality of the Guidelines, was decided on January 18, 1989. Had Risher plead not guilty and gone to trial, Mistretta would have been on the books by the time his trial would have ended, a sentencing report prepared, and a sentencing hearing held. Thus, Risher would have been sentenced under the Guidelines if he had been convicted.
 
 
 17
 Applying the Guidelines, the sentence that Risher would have received had he plead not guilty and been tried would have been substantially higher than the sentence he did receive by pleading guilty. This is so because by pleading guilty, Risher received reductions in his sentence for assisting the government and for accepting responsibility for his crimes.
 
 
 18
 The first Pre-Sentence Investigation Report ("PSR") calculated Risher's sentencing range as 100 to 148 months imprisonment. Risher argues that the sentence he ultimately received, 120 months, is not a sufficient reduction from this 100-148 range, and that, as such, he did not receive any benefit from pleading guilty.
 
 
 19
 Risher's comparison is faulty because the first PSR was based on pre-Guidelines law. Risher somehow assumes, erroneously so, that the Guidelines would not apply to him if a jury had convicted him. However, as discussed above, regardless of whether Risher opts for a trial or pleads guilty, the Guidelines would apply to him.[2] Thus, the correct comparison is the difference between the sentence Risher would have received under the Guidelines had he opted for a trial and the sentence he actually received by pleading guilty.
 
 
 20
 Under the Guidelines, if Risher were convicted of the four counts of unarmed bank robbery to which he plead guilty, he would have received 210 to 262 months imprisonment because of his career offender classification. See E.R. at 307. Moreover, had Risher been convicted of all of the counts with which he was charged, his sentence presumably would have been even higher. Thus, had Risher gone to trial and been convicted, he would have received a much higher sentence than the one he actually received by pleading guilty, 120 months. Faced with these two options, it is implausible that Risher would have chosen to be tried. Accordingly, Risher has failed to satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984).
 
 CONCLUSION
 
 21
 For the foregoing reasons, we affirm the district court's denial of Risher's petition for a writ of habeas corpus.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior U.S. District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Risher was indicted for ten counts of unarmed bank robbery (18 U.S.C. Sec. 2113(a)); four counts of armed bank robbery (18 U.S.C. Sec. 2113(d)); and one count of using a firearm in the commission of a crime of violence (18 U.S.C. Sec. 924(c))
 
 
 [2]
 We also reject Risher's contention that he might not have been sentenced as a career offender under the Guidelines