2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mong Hoang NGUYEN, Defendant-Appellant.
 No. 93-50032.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mong Hoag Nguyen appeals his jury conviction for conspiracy to possess and possession of cocaine with intent to distribute in violation of 21 U.S.C. Secs. 846, 841(a)(1). Nguyen contends that the district court erred by allowing the government to cross-examine him about his prior drug convictions. We have jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 We review the district court's decision to admit evidence of a prior conviction for an abuse of discretion. United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir.1991).
 
 
 4
 On direct examination, Nguyen testified to the existence of three prior felony drug convictions. On cross-examination, the government questioned Nguyen regarding those prior felony convictions. Nguyen now argues that the government improperly referred to the prior felonies during cross-examination in violation of Fed.R.Evid. 609(a)(1). Nguyen's argument is unavailing.
 
 
 5
 Nguyen's strategic decision to elicit evidence of his prior convictions during direct examination waived his objection on appeal. See United States v. Hegwood, 977 F.2d 492, 496 (9th Cir.1992) ("[W]hen the defendant 'opens the door' to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue." (citations omitted)), cert. denied, 113 S.Ct. 2348 (1993); United States v. Williams 939, F.2d 721, 724 (9th Cir.1991) (defendant has a strategic choice between softening the impact of prior convictions on the jury and preserving the Rule 609(a)(1) objection for appeal). Even if evidence of the prior convictions would not have been admissible if offered initially by the government, the error is not reversible if "it was [plaintiff's] counsel who, perhaps for some strategic purpose, first introduced the fact of the prior conviction into evidence." Williams, 939 F.2d at 723 (quoting United States v. Bryan, 534 F.2d 205, 206 (9th Cir.1976) (per curiam)).
 
 
 6
 Nguyen also contends that the district court improperly precluded him from rehabilitating himself following introduction of his prior felony drug convictions. A district judges evidentiary rulings regarding the relevance of evidence are reviewed for abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989) (citations omitted).
 
 
 7
 Under Fed.R.Evid. 609, "absent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." United States v. Rubio, 727 F.2d 786, 797 n. 5 (9th Cir.1983). The transcript indicates that Nguyen attempted to introduce evidence on redirect examination that he pleaded guilty in his prior felony cases. The government objected to the introduction of this evidence as irrelevant. The district court sustained the government's objection and did not permit Nguyen to admit evidence that he pleaded guilty in his prior felony cases. The district court did not improperly preclude Nguyen from introducing this evidence, because whether Nguyen pleaded guilty to a prior offense is a collateral detail surrounding the prior conviction and is irrelevant to the instant offense. See id. Accordingly, the district court did not abuse its discretion by not permitting Nguyen to admit evidence that he pled guilty in his prior felony cases. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3