**UNITED STATES of America, Plaintiff,**

v.

**Mong Hoang NGUYEN,
Defendant–Movant.**

**Nos. CV 97–2964–ER, CR 92–926–ER.**

United States District Court,
C.D. California.

March 12, 1998.

Nora M. Manella, U.S. Attorney, James P. Walsh, Asst. U.S. Atty., Marc R. Greenberg, Asst. U.S. Atty., Los Angeles, CA, for Plaintiff.

Kevin M. Schad, Kevin M. Schad & Associates, Cincinnati, OH, for Defendant.

## MEMORANDUM OPINION AND ORDER

RAFEEDIE, Senior District Judge.

Before the Court is defendant Mong Hoang Nguyen's Motion to Vacate, Set Aside or Correct Sentence, brought pursuant to 28 U.S.C. § 2255 (but construed in part as arising under 18 U.S.C. § 3582). The Court has read and considered the papers filed in connection with this matter and, having determined the issues suitable for resolution without the need for oral argument, now HEREBY DENIES the motion for the reasons set forth below.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The circumstances leading to the present motion stem from defendant Mong Hoang Nguyen's involvement in a conspiracy whose primary purpose was to sell crack cocaine in Southern California.

On August 20, 1992, Nguyen and co-defendants Do Tat Doan and Bao Vu Huynh met with an undercover agent at a local restaurant in Garden Grove, California and agreed to sell the agent 50 grams of crack cocaine. Huynh delivered a single piece of crack cocaine, contained in a plastic bag, to the agent. The agent paid Doan $450, and Doan gave the money to Nguyen. Shortly thereafter, the defendants and the agent left the restaurant. Outside, Huynh handed the agent three more pieces of crack cocaine. The agent paid Doan an additional $1,450. In a separate but contemporaneous transaction, Doan also sold a firearm to the agent. All transactions were recorded on audio and/or video surveillance tape. Subsequent lab analysis determined that the four pieces of crack had a net weight of 33.04 grams.

Huynh and Nguyen were arrested on September 15, 1992 and October 1, 1992, respectively. Both admitted their involvement in the conspiracy, Nguyen did so by written confession.[1] Doan evaded capture for the time being.

Shortly thereafter, the grand jury returned a two-count indictment against all three defendants, charging each with (1) conspiracy to possess 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846; and (2) possession of 33 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

On December 31, 1992, a jury convicted Nguyen on both counts.[2] The Court sen-

---

1. Nguyen later denied his involvement and professed his innocence throughout trial.

2. Huynh pleaded guilty on December 29, 1992 to Count Two, and the Court sentenced him to 60–months incarceration and four years of supervised release. Doan was eventually captured; he pleaded guilty to Count Two on January 19, 1995, and the Court sentenced him to 51 months in prison and four years of supervised release.

tenced the defendant on March 18, 1993 to a total of 188 months in prison and five years of supervised release.[3] The defendant appealed two of the Court's evidentiary rulings, and the court of appeals affirmed in an unpublished opinion. *See United States v. Nguyen,* 2 F.3d 1159, 1993 WL 290881 (9th Cir. 1993). Nguyen was represented by counsel Theresa A. Kristovich at all stages of the proceedings.

Nguyen, represented by new counsel, has now filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Nguyen first claims (1) that Amendment 487 to the Sentencing Guidelines, which defines "cocaine base" to mean "crack," applies retroactively to his case and (2) that the government failed to satisfy its burden at sentencing of proving by a preponderance of the evidence that the drugs involved were indeed crack cocaine. Nguyen also raises numerous ineffective assistance of counsel claims, namely that: (3) before trial, counsel advised the defendant of the incorrect maximum sentence possible, causing him to reject a favorable plea offer; (4) at trial, counsel failed to seek suppression of the defendant's confession, failed to procure an expert to transcribe a surveillance audiotape, and forced the defendant to testify; and (5) on direct appeal, counsel failed to raise the prejudicial admission at trial of Doan's sale of a firearm to the agent and failed to argue that Nguyen was improperly sentenced based on crack (rather than powder) cocaine.[4] The defendant requests an evidentiary hearing on all of his claims.

## II.

## CHARACTER OF THE MOTION

Before broaching the merits of Nguyen's motion, the Court must first determine which portions of the motion arise under 28 U.S.C. § 2255 and which arise under 18 U.S.C. § 3582(c)(2).[5] Fortunately, the defendant's arguments easily lend themselves to division. The Court must treat Nguyen's retroactive application argument, number one (1) *supra,* pursuant to 18 U.S.C. § 3582(c)(2). *See Hamilton v. United States,* 67 F.3d 761, 764 (9th Cir.1995). All other claims are necessarily limited to analysis under 28 U.S.C. § 2255. *See United States v. Perez,* 129 F.3d 255, 259 (2d Cir.1997).

## III.

## 18 U.S.C. § 3582(c)(2) MOTION

Section 3582(c)(2) of Title 18 allows a district court to reduce the term of a previously imposed sentence of imprisonment for a "defendant who has been sentenced ... based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Nguyen argues that retroactive application of Amendment 487 will reduce the guideline sentencing range applicable to his offense. The Amendment provides:

"Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hy-

---

3. The total sentence imposed comprises 188 months each on Counts One and Two, to be served concurrently, and supervised release of five years on Count One and four years on Count Two, also to be served concurrently.

By stipulation of counsel at the sentencing hearing, the Court sentenced Nguyen according to the amount of drugs indicated in the second count of the indictment: 33 grams cocaine base. This amount resulted in a base offense level of 28. *See* U.S.S.G. § 2D1.1(c)(8) (Nov.1992). But because the defendant was a career offender, the offense level rose to 37 and his criminal history category moved from IV to VI. *See* U.S.S.G. § 4B1.1(B) (Nov.1992). At the urging of the government, the Court then subtracted three levels for cooperation and three levels for acceptance of responsibility. *See* Transcript of Mar.

18, 1993, pp. 4–6; U.S.S.G. §§ 3E1.1 & 4B1.1 n. * (Nov.1992). Combining a total offense level of 31 with a criminal history category of VI yielded a sentencing guideline range of 188–235 months.

4. Nguyen also raises numerous duplicative appellate ineffective assistance of counsel claims which the Court summarily denies *infra* in Part IV.C.7.

5. Construing a defendant's motion liberally, as the Court has done here, is usually reserved for those who appear pro se. *See Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Hamilton v. United States,* 67 F.3d 761, 764 (9th Cir.1995). In an effort to conserve judicial resources, however, the Court will make a limited allowance here.

drochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

U.S.S.G. § 2D1.1(c) *n. (D) (Amend. 487 Nov. 1993).

Nguyen is of the opinion that the drug involved in his case was not cocaine base, as defined by Amendment 487, but was instead powder cocaine, which would call for a lower sentence. The defendant's § 3582(c)(2) motion fails for two reasons.

■ First, Amendment 487 does not affect Nguyen's sentence because the Amendment did not materially change the law in effect in our circuit at the time of his offense conduct and sentencing.

■ The primary goal of Amendment 487 was to resolve an inter-circuit split over what constitutes "cocaine base" for purposes of the Sentencing Guidelines. *See* Amendment 487 (comment). Some circuits had defined "cocaine base" broadly and held it to encompass more than just crack cocaine (*e.g.*, coca paste). *See, e.g., United States v. Rodriguez,* 980 F.2d 1375 (11th Cir.1992), *cert. denied,* 509 U.S. 907, 113 S.Ct. 3003, 125 L.Ed.2d 695 (1993); *United States v. Jackson,* 968 F.2d 158 (2d Cir.), *cert. denied,* 506 U.S. 1024, 113 S.Ct. 664, 121 L.Ed.2d 589 (1992); *United States v. Brown,* 859 F.2d 974 (D.C.Cir.1988). Other circuits, including our own, limited "cocaine base" to crack or rock cocaine. *See, e.g., United States v. Wheeler,* 972 F.2d 927 (8th Cir.1992); *United States v. Lopez–Gil,* 965 F.2d 1124 (1st Cir.), *cert. denied,* 506 U.S. 981, 113 S.Ct. 484, 121 L.Ed.2d 388 (1992); *United States v. Shaw,* 936 F.2d 412 (9th Cir.1991). Ultimately, the U.S. Sentencing Commission adopted the latter approach and incorporated the narrower definition of "cocaine base" into § 2D1.1(c) *n. (D) of the November 1, 1993 Guidelines Manual.

Because the rule of Amendment 487 already existed in common law form in our circuit when Nguyen was sentenced, *see Shaw,* 936 F.2d at 416, its retroactive application is unnecessary and would not affect Nguyen's 188 month sentence. *See United States v. Townsend,* 98 F.3d 510, 513 (9th Cir.1996); U.S.S.G. § 1B1.10 n. 1 (Nov.1997).

■ Second, and in any event, retroactive application of Amendment 487 is forbidden. Section 3582(c)(2) permits a reduction in sentence only if, among other things, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 487 is not listed, however, in policy statement U.S.S.G. § 1B1.10(c), which governs the retroactivity of Guideline amendments and specifies which amendments a defendant may invoke pursuant to § 3582(c)(2). *See* U.S.S.G. § 1B1.10(c) (Nov. 1997); U.S.S.G. § 1B1.10(c) (Nov.1995); U.S.S.G. § 1B1.10(d) (Nov.1993). As a result, a reduction in the defendant's term of imprisonment would be inconsistent with the Guidelines' policy statements. *See* U.S.S.G. § 1B1.10(a) (Nov.1997).

### IV.

### 28 U.S.C. § 2255 MOTION

#### A.

#### TIMELINESS

Because Nguyen's § 2255 motion was filed after April 23, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) apply. *See Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 2061–68, 138 L.Ed.2d 481 (1997); *Calderon v. U.S. Dist. Court,* 128 F.3d 1283, 1287 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998). Under the AEDPA, a one-year period of limitations applies to § 2255 motions. *See* 28 U.S.C. § 2255 (as amended). In this case, the limitation period began to run on April 24, 1996, the day of the enactment of the AEDPA, and expired on April 23, 1997. No motion "filed on or before April 23, 1997 ... may be dismissed for failure to comply with the [AEDPA's] time limit." *Calderon,* 128 F.3d at 1287.

■ The Clerk of the Court received and lodged Nguyen's motion on April 22, 1997, but did not file it until April 25, 1997. Ordinarily, for purposes of a statute of limitations, papers and pleadings are considered filed when they are placed in the possession of the Court. *See Cintron v. Union Pacific R.*

*Co.,* 813 F.2d 917, 920 (9th Cir.1987); Fed. R.Civ.P. 5(e). The Court finds no reason why this rule would be inapplicable here. Thus, the Court concludes that for purposes of the AEDPA's period of limitations, unless a movant is entitled to the benefit of constructive filing under *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a § 2255 motion is deemed filed on the date it is received (and perhaps lodged) by the Clerk of the Court. The date of the "filed" stamp is not conclusive. Nguyen's motion is timely.

## B.

### PROOF OF CRACK COCAINE

Nguyen first contends that the government failed to satisfy its burden of proving by a preponderance of the evidence that the drugs involved were crack cocaine. The Court, he argues, should have sentenced (or should now re-sentence) him according to a quantity calculation based on powder cocaine.

■ Nguyen could have raised this argument at his sentencing in 1993 and on direct appeal.[6] As the Court noted *supra,* in Part III, the rule defining "cocaine base" has not changed in our circuit since 1991. Back then, as today, the government had the burden of proving by a preponderance of the evidence that the "cocaine base" involved was crack, not powder cocaine. *See United States v. Shaw,* 936 F.2d 412, 416 (9th Cir. 1991) (for purposes of determining base offense level, "cocaine base" means crack or rock cocaine); *United States v. Howard,* 894 F.2d 1085, 1090 (9th Cir.1990) (government has burden of proving base offense level by a preponderance of the evidence).

Because Nguyen did not raise this argument before and has failed to show legitimate cause for this default and prejudice thereon, *see Evenstad v. United States,* 978 F.2d 1154, 1158 (9th Cir.1992), he is precluded from raising the issue in this motion. *See United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997); *United*

*States v. Schlesinger,* 49 F.3d 483, 485 (9th Cir.1994).

## C.

### INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

■ Nguyen submits that he received ineffective assistance of counsel at three stages of the criminal proceedings: pre-trial plea process, trial, and direct appeal. An accused is entitled as a matter of constitutional law to effective assistance of counsel at all three of these stages. *See Hill v. Lockhart,* 474 U.S. 52, 56–59, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985) (during plea process); *United States v. Cronic,* 466 U.S. 648, 653–57, 104 S.Ct. 2039, 2043–46, 80 L.Ed.2d 657 (1984) (during trial); *Evitts v. Lucey,* 469 U.S. 387, 392–99, 105 S.Ct. 830, 834–37, 83 L.Ed.2d 821 (1985) (on direct appeal).

■ To establish that his counsel was constitutionally defective, Nguyen must demonstrate "(1) that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense." *Bonin v. Calderon,* 59 F.3d 815, 833 (9th Cir.1995) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), *cert. denied,* 516 U.S. 1051, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). The burden is undoubtedly on the movant. *See United States v. Quintero–Barraza,* 78 F.3d 1344, 1348 (9th Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996).

■ In reviewing Kristovich's performance, the ultimate question is whether "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Moreover, the "test has nothing to do with what the best lawyers would have done. Nor

---

**6.** Neither the defendant's sentencing memorandum nor appellate brief raised this issue. *See* Sentencing Memorandum filed March 11, 1993

(Docket # 78); Appellant's Opening Brief filed April 12, 1993.

is the test even what most good lawyers would have done. [A court must] ask only whether some reasonable lawyer ... could have acted, in the circumstances, as defense counsel [actually did.]" *Dyer v. Calderon*, 122 F.3d 720, 732 (9th Cir.1997).

To make out prejudice, Nguyen must demonstrate that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Bonin*, 59 F.3d at 833 (citations omitted). The proper focus is on whether counsel's ineffectiveness rendered the proceedings fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369–73, 113 S.Ct. 838, 842–44, 122 L.Ed.2d 180 (1993).

### 1.

### PRE–TRIAL: UNDERESTIMATING THE SENTENCE

Nguyen's first ineffective assistance claim argues that Kristovich misinformed him of the possible sentence that could be imposed for the crimes charged against him. Nguyen alleges that his counsel told him that if he went to trial the maximum sentence he would receive was ten to eleven years. According to the defendant, this advice caused him to reject a plea offer by the government which would have resulted in a sentence of seven to eight years. [7]

Our circuit has expressly held that an inaccurate prediction of a sentence will not render counsel's performance deficient unless the mistake constitutes a "gross mischaracterization of the likely outcome."

*Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).[8] The comparison here is between the predicted outcome and the actual (not potential) outcome. Assuming for the moment that Kristovich did communicate a maximum of ten to eleven years,[9] the issue before the Court is whether that amount grossly mischaracterized the actual outcome of 188 months (fifteen years and eight months).

The Court concludes that it did not. Precedent in our circuit makes clear that any disparity between the predicted sentence and the actual sentence must be extreme. For example, in *Chacon v. Wood*, 36 F.3d 1459 (9th Cir.1994), a case cited by Nguyen, the court found a gross mischaracterization where the defendant was told he would likely only serve three months in prison when in fact the defendant served a ten-year sentence. *See id.* at 1464–65. Similarly, in *Iaea v. Sunn*, 800 F.2d 861 (9th Cir.1986), also cited by the defendant, defense counsel's performance was deficient when he predicted probation but the defendant received a life sentence. *See id.* at 865.

Moreover, our circuit has held that disparities of up to twenty years are not gross mischaracterizations. *See, e.g., United States v. Jerome*, 124 F.3d 214, 1997 WL 579099 (9th Cir.1997) (defendant received 40 years instead of the 20 years predicted) (unpublished disposition); *Doganiere v. United States*, 914 F.2d 165 (9th Cir.1990) (defendant received 15 years in prison followed by 20 years of probation instead of the 12 years predicted), *cert. denied*, 499 U.S. 940, 111 S.Ct. 1398, 113 L.Ed.2d 454 (1991); *United States v. Garcia*, 909 F.2d 1346 (9th Cir.1990)

---

7. The government's opposition does not challenge the existence of the plea offer or its terms.

8. Although counsel's alleged erroneous advice pertained to the ultimate consequence of conviction by trial, decisions pertaining to the consequence of pleading guilty are sufficiently analogous to apply here.

9. The Court proceeds assuming this claim to be true even though the record and Court's recollection of the proceedings prove the contrary. *See United States v. Burrows*, 872 F.2d 915, 917 (9th Cir.1989). Kristovich contends in her affidavit that she informed Nguyen that he was facing a possible sentence of life imprisonment. *See* Kristovich Affidavit ¶ 7. Kristovich is an experienced

criminal defense lawyer and a member of the Criminal Justice Act panel (CJA panel members are selected only after careful consideration by several committees). It is extremely unlikely that counsel would make such a mistake. Moreover, even if counsel had at first misunderstood the possible sentence, she certainly would have corrected her position upon hearing the plea offer from the government, for it is reasonable to assume that the government's offer fully disclosed Nguyen's potential sentence, including any career offender enhancements. *See United States v. Blaylock*, 20 F.3d 1458, 1467 (9th Cir. 1994). Nguyen's allegation cannot be accepted as true. It comes in a single, self-serving affidavit not supported by any other evidence.

(defendant received 19 years instead of the 8 years predicted).

The four-year disparity present here does not constitute a gross mischaracterization. Kristovich's performance in this regard was not objectively unreasonable.[10]

 Even assuming that Nguyen received substandard assistance from Kristovich, he must also demonstrate prejudice resulting from counsel's error. The inquiry here is whether Nguyen "would have accepted the plea offer and whether the district court would have approved it." *United States v. Day*, 969 F.2d 39, 45 (3d Cir.1992).

Nguyen has submitted an affidavit which states that he would have accepted the plea offer had he known the true nature of his predicament. The Court assumes this to be true.

However, in this Court's recollection of the events at issue, such a plea agreement— presumably brought pursuant to Fed. R.Crim.P. 11(e)(1)(C)—would never have been accepted by the Court. Given the defendant's three known prior convictions for controlled substance offenses, a sentence between seven and eight years would not have adequately punished the defendant. In fact, but for the government's intervention on Nguyen's behalf at sentencing,[11] his sentence would have called for 360 months to life. *See* Presentence Report ¶ 7. To fall into a sentencing range permitting 84–96 months, the Court would have had to attribute only 33 grams of cocaine base to the defendant *and* almost completely ignore his prior criminal convictions. This would not have occurred.

Because Nguyen's allegations, taken as true, do not entitle him to relief, an evidentiary hearing is not necessary on this claim. *See Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir.1997).

**2.**

### TRIAL: FAILURE TO SEEK SUPPRESSION OF NGUYEN'S CONFESSION

Nguyen next alleges that Kristovich's failure to file a pre-trial motion to suppress his confession also constitutes ineffective assistance of counsel. After his arrest in October of 1992, Nguyen signed a confession that he later repudiated and came to believe was illegally obtained.

 In her affidavit, Kristovich asserts that she felt there was insufficient basis to go forward with a motion to suppress. *See* Kristovich Affidavit ¶ 3. A "lawyer's zeal on behalf of his client does not require him to file a motion [to suppress] which he knows to be meritless." *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir.), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513, 130 L.Ed.2d 420 (1994). This strategic decision was objectively reasonable.

Nevertheless, Nguyen has asked the Court to second-guess counsel's decision in light of Kristovich's repeated references to the coerciveness of the confession during direct examination of Nguyen, cross-examination of a government agent, and closing argument. This tactic, however, does not conclusively establish that a motion to suppress should have been filed. The record is not replete with these references. Rather, their limited use clearly indicates counsel's wish to discredit the government's witness and raise issues of doubt in the jury's mind. The defendant must bear in mind that insufficient evidence for bringing a motion to suppress does not preclude counsel from raising possible involuntariness issues at trial in an effort to seek favor with the jury.

 Nguyen has also failed to establish that there "was a reasonable probability that the [confession] would have been suppressed, and [that] the outcome of the trial would have been different." *Lowry*, 21 F.3d at 346–47. The defendant's allegations on this score are conclusory and, when read in light

**10.** Nguyen cites *Risher v. United States*, 992 F.2d 982, 983–84 (9th Cir.1993), for the proposition that *counsel's assistance is ineffective where* counsel fails to notify a defendant that the career offender provisions of the Guidelines may apply. Being that the Court has already held that Kristovich's prediction did not grossly mischaracter-

ize the ultimate outcome, any other predictive error, such as that recognized in *Risher*, is immaterial.

**11.** *See* footnote 3, *supra*.

of the record of the proceedings, do not support a finding of prejudice.

Nguyen's allegations, taken as true, do not entitle him to relief; an evidentiary hearing is unnecessary on this claim.

### 3.

### TRIAL: FAILURE TO TRANSCRIBE TAPE

Nguyen's next ineffective assistance claim pertains to Kristovich's failure to procure an expert to transcribe a surveillance audiotape. At trial, a tape-recorded conversation made by a federal agent was admitted into evidence and played for the jury. Government-prepared transcripts of the tape were given to jurors to assist them. Despite alleged inaccuracies in the transcript, Kristovich chose not to prepare a "defense transcript" of the audiotape.

 According to Kristovich, creation of a defense version of the tape was a matter she considered and rejected. *See* Kristovich Affidavit ¶ 4. In fact, counsel states that a clearer transcript would probably have undermined Nguyen's defense. *See id.* A "tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." *People of Territory of Guam v. Santos,* 741 F.2d 1167, 1169 (9th Cir.1984).

██ In a bald assertion wholly unsupported by the record, Nguyen claims prejudice because: "[A]n accurate transcript of the tape would have demonstrated that the Petitioner was innocent. As a result of counsel's failure, he was prejudiced." Mem. p. 23. This alone is an insufficient showing. Nguyen also fails to note that the Court instructed the jury before the tape was played that the government's transcript was not evidence. Specifically, the Court stated:

> You may play the tape, and I will advise the jury that these transcripts are not the evidence. They are given to assist you to help hear the tape. If what you hear on the tape differs from what is in the transcript, the tape governs. The tape is the

evidence, not the transcript. Keep that in mind, please.

Transcript of Dec. 29, 1992, p. 12, 1s. 3–8.

At the close of the case, the Court again instructed the jury:

> You heard a tape recording that was received into evidence. Each of you were also given a transcript of the recording to help you identify the speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording you heard is the evidence, not the transcript you received. If you heard something different than what appeared in the transcript, then what you heard is controlling.

Jury Instruction No. 27 (modeled after 9th Cir.Crim. Jury Instr. § 2.07 (1992)).

Because the transcript itself would not be the basis of the jury's decision, failure to have another transcript did not prejudice the defendant. *See United States v. Tisor,* 96 F.3d 370, 377 (9th Cir.1996.), *cert. denied,* — U.S. —, 117 S.Ct. 1012, 136 L.Ed.2d 889 (1997).

As before, Nguyen's allegations fail to state a *Strickland* claim. An evidentiary hearing is unnecessary.

### 4.

### TRIAL: NOT EXPLAINING FIFTH AMENDMENT RIGHT AGAINST SELF–INCRIMINATION AND INSTRUCTING NGUYEN TO TESTIFY

Nguyen's final trial claim alleges that Kristovich violated his right to effective assistance of counsel by (1) failing to inform Nguyen of his right against self-incrimination under the Fifth Amendment and then (2) instructing him to testify at trial in his own defense. Nguyen brings this claim because at trial, while on the stand, Nguyen's prior controlled substance convictions came to light, a fact that Nguyen contends prejudiced his defense.

██ The "[f]ailure by counsel to advise a client of his right to remain silent, and a representation by counsel that a client has no choice under law but to take the stand would be among the most serious instances of attor-

ney error." *Burnett v. Kerr,* 835 F.2d 1319, 1321 (10th Cir.), *cert. denied,* 488 U.S. 830, 109 S.Ct. 84, 102 L.Ed.2d 61 (1988).

■ According to Nguyen:
During trial, counsel told me I would have to testify. She did not prepare me to testify and did not explain what to expect. We did discuss that I would prefer to have an interpreter because my English is not good. I told counsel I was not ready and did not think I could do a good job. She told me that I must testify. Because of this, I did not believe I had a choice although I knew I was unprepared.

Nguyen Affidavit ¶ 9.

Although Kristovich has submitted an affidavit regarding this allegation, the affidavit does not expressly refute Nguyen's allegation that he was never informed of his Fifth Amendment right against self-incrimination. *See* Kristovich Affidavit ¶ 5.

Nevertheless, there is some question whether Nguyen was in fact ignorant of the privilege. The Court finds it incredible that Kristovich, an experienced criminal defense attorney and member of the Criminal Justice Act panel, would fail to inform Nguyen of one of the most fundamental rights afforded criminal defendants. *See Shah v. United States,* 878 F.2d 1156, 1159 (9th Cir.), *cert. denied,* 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989). The fact that counsel would inform the defendant of such a right is almost too obvious to mention, and it is for that reason perhaps that Kristovich's affidavit merely stated that the decision to testify was "obviously,... Mr. Nguyen's choice." Kristovich Affidavit ¶ 5. Moreover, given the defendant's prior criminal convictions and charges, the Court finds it beyond belief that Nguyen was previously unaware of his right to remain silent or "plead the Fifth Amendment."

■ Although Kristovich's decision to instruct Nguyen to take the stand also raises issues of professional competence, the Court ultimately concludes that this advice was objectively reasonable. According to counsel:
On several occasions prior to trial, Mr. Nguyen advised me that he felt he could not take the stand because of his prior criminal record. I explained to Mr. Nguyen that unless he explained his version of the events, in view of the fact that he was on audiotape, videotape and he had confessed, there was really little purpose in going to trial unless he testified on his own behalf; obviously, it was Mr. Nguyen's choice. I explained, however, that it was my opinion that no reasonable juror would acquit Mr. Nguyen unless they heard his explanation as to what actually was said and done.

*Id.*

Counsel admonished the defendant, however, that he should not refer to his prior convictions during direct testimony. *See id.* On direct, however, Nguyen accidentally mentioned his convictions in an unresponsive answer:

KRISTOVICH: Did they ever tell you what you were being arrested for?

NGUYEN: After they arrest me, then they show me, you know, my record, my criminal record from Boston.

Transcript of Dec. 30, 1992, p. 92.

Noting that the door had now been opened for inquiry on cross-examination, *see United States v. Hegwood,* 977 F.2d 492, 496 (9th Cir.1992), *cert. denied,* 508 U.S. 913, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993), Kristovich next sought to explain the circumstances surrounding the convictions:

KRISTOVICH: Did you have a drug problem in the past?

NGUYEN: Yes.

KRISTOVICH: And what kind of narcotics did you use?

NGUYEN: Heroin.

KRISTOVICH: And while you were using heroin, did you sell heroin to try to support your habit?

NGUYEN: Yes.

KRISTOVICH: Did you go to jail for that?

NGUYEN: Yes.

\* \* \* \* \* \*

KRISTOVICH: And after you got out of jail, did you use heroin anymore?

NGUYEN: No.

KRISTOVICH: Did you sell drugs anymore?

NGUYEN: No, I didn't sell any drugs. Transcript of Dec. 30, 1992, pp. 92–93.

On cross-examination, the government confirmed the exact nature of the convictions, namely that they were for possession of heroin with intent to distribute. *See id.* pp. 99–101.

Any fault for raising the prior convictions was the defendant's own. The Court does not see how Kristovich's tactical decision to advise the defendant to testify and her subsequent attempt to defuse evidence of Nguyen's prior convictions amounts to defective performance.

■ Nguyen also cannot demonstrate how the admission of the prior convictions prejudiced his defense to such an extent that it rendered the proceedings fundamentally unfair or unreliable. Nguyen merely submits that "it is probable that the outcome of the proceedings would have been different." This is insufficient. In any event, the Court instructed the jury that it could only consider evidence of the prior convictions as affecting the defendant's believability and that the priors were not "evidence of guilt of the crime for which the defendant is now on trial." Jury Instruction No. 9 (modeled after 9th Cir. Crim. Jury Instr. § 4.06 (1992)).

Because this allegation fails to state a *Strickland* claim, an evidentiary hearing is unnecessary.

### 5.

### APPEAL: FAILURE TO RAISE ADMISSION OF CO–DEFENDANT'S CONDUCT

Nguyen next argues that counsel was constitutionally defective because she chose not to appeal the admission at trial of co-defendant Doan's sale of a firearm to the undercover agent. During trial, the government elicited testimony from an agent regarding Doan's illicit sale of the firearm. Kristovich objected to this line of testimony, arguing that it went beyond the scope of the charges brought against Nguyen. The Court permitted the questioning and admitted a videotape which documented both the crack and firearm transactions.

■ Upon review of the record, Kristovich's decision to not appeal the Court's ruling was reasonable. According to Kristovich:

> I objected to the introduction of testimony concerning the potential sale of guns by co-defendant Doan to the undercover agents, but in view of the fact that the agent had testified that the transaction was purely between him and the co-defendant,[12] this did not appear an appropriate issue on appeal nor prejudicial evidence against defendant Nguyen.

Kristovich Affidavit ¶ 6.

■ Although raising the claim on appeal would certainly have not been frivolous, counsel made a strategic decision to omit it. The choice was appropriate, for appellate counsel has no constitutional obligation to raise every nonfrivolous issue, whether requested by the defendant or not. *See Jones v. Barnes,* 463 U.S. 745, 750–54, 103 S.Ct. 3308, 3312–14, 77 L.Ed.2d 987 (1983). As our circuit has stated:

> [The] weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.... [E]very

12. The examination proceeded as follows:

GOVERNMENT: Separate from the drug transaction, did you have any other separate transaction going on with just Mr. Doan?
KRISTOVICH: Objection, your Honor, beyond the scope of the charges in the case against my client.
COURT: Well, restate your question. Stay on this case.
GOVERNMENT: Were you there to purchase from Mr. Doan anything other than rock cocaine?
KRISTOVICH: Objection, your Honor, beyond the scope of the charges against my client.
COURT: Overruled.
WITNESS: Yes. I was there to purchase a firearm from Mr. Doan.
GOVERNMENT: Was that a transaction that was strictly between you and Mr. Doan?
WITNESS: Yes.
GOVERNMENT: Was defendant Nguyen involved in that transaction?
WITNESS: No, he was not.
GOVERNMENT: And the conversation with Mr. Doan about the gun, was Mr. Nguyen present?
WITNESS: No, he was not.
Transcript of Dec. 29, 1992, pp. 23–24.

weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court. For these reasons, a lawyer who throws in every arguable point—"just in case"—is likely to serve her client less effectively than one who concentrates solely on the strong arguments.

*Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989); *see also Jones*, 463 U.S. at 751–53, 103 S.Ct. at 3313.

■ Nor can Nguyen demonstrate that such an argument would have prevailed on appeal. *See Miller*, 882 F.2d at 1434. Presumably, counsel would have raised relevance and prejudice as grounds for reversal. *See* Fed.R.Evid. 402 & 403. Neither argument would likely have succeeded.

■ Under Rule 402, evidence "which is not relevant is not admissible." Fed.R.Evid. 402. Because the elicited testimony dealt with another's criminal conduct and did not pertain to the charge brought against Nguyen, the evidence appears on its face to be irrelevant. However, review of the record makes clear that the testimony was necessary to set up relevant videotape evidence that followed shortly thereafter. *See* Transcript of Dec. 29, 1992, pp. 24–26. As one commentator has noted, "[w]here the exclusion of proffered evidence will leave a chronological and conceptual void in the account of events surrounding the matters in issue, the evidence should be allowed." Charles E. Wagner, *Federal Rules of Evidence Case Law Commentary* 115 (1997–1998). The Ninth Circuit would likely rule no differently.

■ Of course, even though relevant, evidence may still be excluded, in the Court's discretion, if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Prejudice alone does not automatically require exclusion; rather, exclusion operates only if a genuine risk exists of inflaming the jury to irrational behavior. The testimony at issue here had minimal impact. Counsel for the

government went to great lengths to make it clear that Nguyen took no part in the firearm transaction.[13] Appellate review would likely reach the same conclusion.

Again, the defendant has failed to state a claim for relief.

### 6.

### APPEAL: FAILURE TO RAISE PROOF OF CRACK COCAINE

Nguyen also claims that Kristovich rendered ineffective assistance on appeal by failing to argue that Nguyen was improperly sentenced based on crack (rather than powder) cocaine.

■ Without addressing the reasonableness of counsel's performance, *see Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, the Court finds that Nguyen has not demonstrated, nor could he, that such an argument would have prevailed on appeal and resulted in a vacated sentence. *See Miller*, 882 F.2d at 1434. Kristovich did not raise the cocaine argument at sentencing.[14] And it is highly unlikely that the Ninth Circuit would have considered a belated objection on appeal.

■ Ordinarily, the court of appeals will not consider an issue that is raised for the first time on appeal. *See United States v. Reyes*, 8 F.3d 1379, 1390 (9th Cir.1993). Only under limited circumstances will our circuit make an exception, they are: (1) when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change in law raises a new issue while an appeal is pending, or (3) when the issue is purely one of law. *See Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir.1985).

Failure to review this particular claim would not result in a miscarriage of justice; nor is this a case that seriously affects the fairness, integrity or public reputation of judicial proceedings. No new law applicable to this claim arose during Nguyen's appeal. And finally, whether the drug involved is crack cocaine or powder cocaine is a question

---

**13.** *See* footnote 12, *supra*.

**14.** Notably, Nguyen does not argue that counsel was ineffective for failing to raise this issue at sentencing.

of fact, not law. It is, thus, extremely unlikely that the court of appeals would have considered a belated claim of this nature.

Accordingly, taking the allegations to be true, the defendant has failed to state a claim.

### 7.

### APPEAL: ALL OTHER CLAIMS

In a last ditch effort, Nguyen has tersely and with little support recharacterized his pre-trial and trial ineffective assistance of counsel claims as appellate ineffective assistance of counsel claims. According to Nguyen, Kristovich violated his constitutional rights by failing to raise on appeal her own ineffective trial performance. He simply arrogates:

> Specifically, the Petitioner submits that counsel's failure to raise on appeal her own ineffectiveness in advising the Petitioner regarding the maximum exposure faced; ... and counsel's [own] ineffectiveness at trial in failing to seek suppression of the confession, failing to procure an expert to transcribe the tape or introduce a defense version to the jury, and forcing the Petitioner to testify denied the Petitioner the Sixth Amendment right to effective counsel.

Mem. p. 27.

Normally in cases where a defendant appears pro se, the Court would construe a claim, such as this, liberally and with a view towards making the reasonable inferences and allowances necessary to effectuate what appears to be the defendant's intentions. *See Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980). But where, as here, a defendant is represented by counsel, the policy reasons for such generosity quickly evaporate. Nguyen is not entitled to receive the Court's beneficence on these claims.

Nguyen's meager assertions make no showing under either required prong of *Strickland.*[15] This is not surprising, for where trial counsel has also served as appel-

late counsel, it can hardly be expected that counsel will challenge her own effectiveness on appeal. *See McCleese v. United States,* 75 F.3d 1174, 1178 (7th Cir.1996). Most claims of ineffective assistance of trial counsel are properly raised for the first time in a § 2255 motion rather than on direct appeal. *See United States v. Pope,* 841 F.2d 954, 958 (9th Cir.1988).

Once again, Nguyen fails to state a claim.

### ORDER

The Court DENIES defendant Nguyen's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and DENIES his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by telefax or by United States mail, copies of this Memorandum Opinion and Order on counsel for the parties in this matter.

---

**15.** To the extent Nguyen reasserts his previous arguments to demonstrate deficient performance and prejudice, the Court rejects them for the reasons set forth *supra* in Parts IV.C.1–4.