**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CLAY DALTON JOHNSON and JERRY
DUANE SPEARS,

      Defendants-Appellants.

Nos. 98-7003, 98-7004
(D.C. No. 90-CR-55-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **MCWILLIAMS**, and **BALDOCK**, Circuit Judges.

Co-defendants Clay Dalton Johnson and Jerry Duane Spears appeal from

proceedings related to their 28 U.S.C. § 2255 motions.[1]  The district court granted the

defendants' motion with respect to a ***Bailey***[2] claim and denied the remaining claims

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[1] Defendants have appealed separately, but we have joined them here for
disposition.

[2] ***Bailey v. United States***, 516 U.S. 137 (1995).

without holding an evidentiary hearing and resentenced defendants on related counts of conviction. The court denied a request for a certificate of appealability. Defendants now seek a certificate of appealability to appeal from alleged errors in the resentencing. We grant the certificate but affirm the judgment.[3]

## FACTS

### Mr. Johnson

Mr. Johnson was found guilty on counts one, two, three, four, five, six, eight, eleven, thirteen, and fifteen of a multi-count indictment charging various drug and firearms violations. On direct appeal, we reversed the convictions on counts six, thirteen, and fifteen. *See United States v. Johnson*, 977 F.2d 1360 (10th Cir. 1992). The district court then resentenced Mr. Johnson. Focusing our attention here on resentencing only as it pertains to the issues raised in this appeal, the court provided a sentence of sixty months on count two to run concurrently with the remaining counts.

Thereafter, following the decision in *Bailey*, Mr. Johnson filed the present motion under 18 U.S.C. § 2255 claiming, among other things, his conviction on count eleven for using a firearm in connection with a drug offense should be vacated. The district court

---

[3]We grant the certificate as a matter of expedience because some of the issues are not subject to the requirement of a certificate of appealability. In doing so, however, we do not suggest that all of the issues we consider here would meet the test for issuance of the certificate.

denied all claims but the ***Bailey*** claim, vacated the sentence on count eleven and resentenced Mr. Johnson to forty-six months on count two, but then provided that the sentence run *consecutively* with the sentences on the remaining counts. Defendant then appealed.

**Mr. Spears**

Mr. Spears' sentencing history is almost the same as Mr. Johnson's. He was originally convicted on counts one, two, six, eleven, twelve, thirteen, fifteen, and sixteen. His convictions on counts twelve, thirteen, and fifteen were reversed on appeal and he, too, was resentenced on remand. Again, as it pertains to the issues here, resentencing resulted in sixty months on count two and twelve months on count three, both to run concurrently with the remaining sentences.

Mr. Spears also filed a § 2255 motion based in part on ***Bailey***, and the district court vacated his sentence on count eleven, but denied the remaining issues. In the resentencing that followed, the court resentenced Mr. Spears to twenty-two months on count two and twelve months on count three. These sentences were to run concurrently to each other, but *consecutive* to the remaining counts. Mr. Spears also appealed.

**DISCUSSION**

I.    **Did the court err in resentencing defendants to consecutive terms?**

Defendants first argue, as a matter of law, following the § 2255 vacatur of a conviction for using a firearm, a district court may not resentence the defendants on remaining related convictions. We squarely rejected this argument in *United States v. Mendoza*, 118 F.3d 707 (10th Cir. 1997). The facts of *Mendoza* are nearly identical to this case:

> Defendant . . . filed a § 2255 motion, challenging the firearm conviction in light of [*Bailey*]. The government conceded defendant's conviction was invalid under *Bailey* and the district court, therefore, vacated the firearm conviction and sentence. However, the district court then resentenced defendant on the conspiracy conviction to one hundred eight months' imprisonment . . . .

*Id.* at 708-09. We approved the resentencing and joined "seven other circuits which have also held that a district court has authority to resentence a defendant on unchallenged related convictions, after vacating a § 924(c) conviction in a § 2255 proceeding." *Id.* at 709.

The defendants next argue this case is distinguishable because they have already "served" their original sentences on the resentenced counts and have been incarcerated for more than the term of the original sentence on the counts subsequently made consecutive. They contend it would be a violation of double jeopardy to allow the district court to now resentence them and effectively make them serve time already served. They have provided no authority for this proposition.

On a related note, because the terms of the resentencing change the length and terms of the original sentences, defendants also argue the resentencing was illegal

- 4 -

because the new sentence, when combined with the time already served, amounts to a total sentence exceeding the statutory maximum. For example, Mr. Johnson argues that on count two he has already served sixty months (the statutory maximum under 18 U.S.C. § 371) and thus the new sentence of twenty-two months amounts to eighty-two months, a term exceeding the statutory maximum.

This argument fails for the simple reason that the defendants have forgotten about 18 U.S.C. § 3585, the statute governing credit for prior custody. Mr. Johnson must be given credit for time served prior to sentencing in the calculation of his release date. The time he has already served will be credited first to the sentences on the other counts of conviction and then to count two. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward a service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed [or] as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed."). The result for Mr. Spears is the same. The sixty months he has already served should be credited to him so that the sentence on count two will be within the statutory maximum.

## II. Did the district court err when it did not vacate count two – - conspiring to violate 18 U.S.C. § 924(c)?

Defendants next contend *Bailey* requires not only a vacatur of their substantive § 924(c) convictions, but also a vacatur of count two, which charged them with

conspiring to violate § 924(c) in violation of 18 U.S.C. § 371. We reject this argument outright.

First, this issue was not raised in the defendants' § 2255 motion before the district court. Therefore, we deem it waived. *See Tele-Communications, Inc. v. Commissioner of Internal Revenue*, 104 F.3d 1229, 1233 (10th Cir. 1997). Second, this claim fails on the merits.

Even though *Bailey* dictates Mr. Johnson was not guilty of the substantive § 924(c) offense, it does not require vacation of the conspiracy offense. "The law of conspiracy . . . permit[s] the imposition of criminal sanctions for the agreement alone, plus an overt act in pursuit of it, *regardless of whether the crime agreed upon is actually committed*." *United States v. Hill*, 971 F.2d 1461, 1467 (10th Cir. 1992) (en banc). "The agreement to do the unlawful act is . . . distinct from the doing of the act." *Id.* In short, "[a] conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object." *Braverman v. United States*, 63 S. Ct. 99, 102 (1942).

### III. Should the district court have recalculated the amount of drugs in accordance with amendment 484 to the Sentencing Guidelines?

Amendment 484 changes U.S.S.G. § 2D1.1 comm. n.1 and provides that waste water, which cannot be readily separated from the illegal substance, is not considered a "mixture or substance" for determining the weight of amphetamines under § 2D1.1. The Commission specified that this amendment could be applied retroactively. *See* 1998

U.S.S.G. § 1B1.10(a) and (d).  The district court made no specific findings on the issue.

Nonetheless, for this appeal the argument fails because it is procedurally improper.

The retroactive application argument is not redressable by a § 2255 motion.  ***See***

***Hamilton v. United States***, 67 F.3d 761, 764 (9th Cir. 1995); ***United States v. Nguyen***,

997 F. Supp. 1281, 1286 (C.D. Cal. 1998).  It may only be raised by a motion under 18

U.S.C. § 3582(c)(2).  Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon
> motion of the defendant or the Director of the Bureau of Prisons, or on its
> own motion, the [district] court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Our decision on this issue, however, has no bearing on its merits.  If the defendants

choose to pursue it, they should file a § 3582(c)(2) motion.  A separate motion is

necessary in this case because the district court must consider a number of statutory

factors, which we cannot glean from the present record, before deciding how amendment

484 affects the defendants.

**IV.     Did the defendants receive ineffective assistance of counsel?**

Finally, defendants argue they were denied the effective assistance of counsel at

their original sentencing hearing.  They raise a number of examples where counsel's

conduct was allegedly defective and prejudicial.  Every argument raised, except one,

however, has effectively been rejected by this court in a companion case involving co-defendants and the same issues.  ***See United States v. Summerlin,*** 162 F.3d 1175, 1998 WL 778052 (10th Cir. Nov. 5, 1998).[4]

In the remaining claim, defendants fault their attorney for not arguing on direct appeal that the two conspiracy convictions violated double jeopardy.  That argument was in fact raised on direct appeal, ***see United States v. Johnson***, 977 F.2d at 1371-72, and cannot now be revisited.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge

---

[4]This case was not available to the parties at the time they filed their briefs.