**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

EDWARD DALE SUMMERLIN,
also known as Peewee, also known
as Dwayne Wildman,

        Defendant-Appellant.

----------------------------------------

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

HAROLD ONEE BEHRENS,
also known as Buddy Behrens,

        Defendant-Appellant.

No. 97-7096
(D.C. No. 96-CV-627-S)
(E.D. Okla.)

No. 97-7112
(D.C. No. 96-CV-563-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Appellants Edward Dale Summerlin and Harold Onee Behrens appeal from the district court's orders denying their motions to vacate, set aside or correct their sentences, filed pursuant to 28 U.S.C. § 2255. [1] Our jurisdiction arises from 28 U.S.C. §§ 1291 and 2253(a). As a preliminary matter, we note that appellee's briefs in response to appellants' claims were singularly unhelpful to our analysis and decision in these appeals. Appellee failed to identify or recognize many of appellants' legal arguments, failed to provide analysis or relevant legal authority on point, and, instead, presented several arguments which are legally unsound or unsupported by any legal authority.

---

[1] Although appellants filed separate § 2255 motions, their arguments on appeal raise, in part, identical issues. Because appellants are codefendants, resolution of those issues relies on identical facts and a common record. Accordingly, we have consolidated these appeals for purposes of decision.

Appeal No. 97-7112

Appellant Behrens initially raised three issues on appeal, and sought a certificate of appealability on those issues, as required by 28 U.S.C. § 2253(c)(1)(B). In an order filed August 13, 1998, this court granted Behrens a certificate of appealability on one issue only: his claim for ineffective assistance of counsel premised on his attorney's failure to object, at sentencing, to the basis for calculating the quantity of drugs used to determine his sentence. [2]

Appeal No. 97-7096

Appellant Summerlin raises a single issue. He contends that his counsel was ineffective for failing to object to alleged errors and question evidence presented in support of the calculation of the drug quantity on which he was sentenced. He also seeks a certificate of appealability on this issue. In light of Summerlin's allegations and the applicable legal standards, we conclude that he has made a substantial showing of the denial of a constitutional right. See United States v. Kissick, 69 F.3d 1048, 1056 (10th Cir. 1995) (counsel's failure to

---

[2] Both Summerlin and Behrens were originally sentenced in January of 1991. After a successful challenge to their convictions for using or carrying a firearm in violation of 18 U.S.C. § 924(c), pursuant to the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), appellants were resentenced in 1997. Appellants do not challenge the resentencing. Their allegations of ineffective assistance of counsel are focused primarily on their attorneys' representation in the first sentencing hearing.

challenge "facially insufficient" evidence in a presentence report constituted deficient performance; prejudice shown by resulting significantly greater sentence); United States v. Browning, 61 F.3d 752, 755 (10th Cir. 1995) (defendant has due process right not to be sentenced on materially incorrect information); United States v. Richards, 27 F.3d 465, 468 (10th Cir. 1994) (government has burden of proving drug quantity; information upon which district court relies must be sufficiently reliable). Therefore, we grant Summerlin a certificate of appealability on this issue.

Waiver

On appeal, the government argues that Summerlin has waived his right to appeal from the district court's ruling by failing to timely object to the magistrate judge's findings and recommendation, citing Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). The magistrate judge issued his report on March 28, 1997. The last paragraph of his report gives the parties ten days "from the date of service on Petitioner and on Respondent's counsel" to file objections to the magistrate judge's findings, and notes that failure to object within ten days will preclude appellate review of the district court's judgment based on those findings. See Supple. Rec. Vol. II (appeal No. 97-7096), tab 10, at 4. The district court's order, dated May 28, 1997, and adopting the magistrate judge's findings and

recommendation, noted that Summerlin had failed to file objections during the allotted time, which had since expired. See Supple. Rec. Vol. I, tab 133.

Summerlin contends that his appeal should not be precluded because he did not receive a copy of the magistrate judge's report until April 14, 1997, after the ten days had expired. The government does not challenge this factual assertion, but complains that Summerlin did not show cause for his failure to file an objection in the almost two months following his receipt of the report copy until the date of the district court's order.

We have "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." Moore, 950 F.2d at 659. However, the waiver rule will not apply as a procedural bar to appellate review "when the interests of justice so dictate." Id. It is undisputed that Summerlin did not receive a copy of the magistrate's report until after the period for objection had expired. Although trial counsel did appear on Summerlin's behalf at the subsequent hearing on resentencing, Summerlin apparently filed his § 2255 motion pro se. We conclude he has shown cause for his failure to timely file objections. Further, we reject the government's argument that Summerlin had an obligation to file objections after the time for filing had expired. Under these circumstances, in the interests of justice, we will not apply the waiver rule to preclude Summerlin's appeal.

Procedural Bar

In its response briefs in both appeals, the government also seeks to invoke procedural bar based on its contentions that appellants are raising issues which could have been raised on direct appeal. It cites to this court's opinion in the direct appeal of Summerlin and Behrens and their other codefendants, contending that the drug quantity issue has been decided. See United States v. Johnson, 977 F.2d 1360 (10th Cir. 1992). This argument is without merit. First, this court did not rule on the drug quantity calculation issue now presented on appeal from appellants' § 2255 motions, despite our comment about the "plentitude of evidence presented regarding the manufacture . . . of amphetamine." Id. at 1380 n.5. Second, appellants are not barred from now raising the issue on collateral attack, because it is based on their allegations of ineffective assistance of counsel, which are most properly brought in a § 2255 motion. See United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995).

Drug Quantity Calculation

We now address the merits of appellants' arguments challenging 1) the drug quantity on which they were sentenced, 2) the sentencing court's order approving the Presentence Reports setting out that calculation, and 3) their attorneys' failure either to object to the calculation or present evidence on point.

Appellants were sentenced based on a combined drug quantity of two separate amounts: the amount of drugs seized and an estimated amount of drugs which could have been manufactured. This use of a combined quantity is consonant with United States Sentencing Guidelines § 2D1.1, Application Note 12, which says:

> "Where there is no drug seizure or the amount seized does not reflect
> the scale of the offense, the court may consider, for example, the
> price generally obtained for the controlled substance, financial or
> other records, similar transactions in controlled substances by the
> defendant, and the size or capability of any laboratory involved."

The combined quantity consisted of 7,671.2 grams of amphetamine actually seized at the lab site, together with an amount estimated by an Oklahoma State Bureau of Investigation [OSBI] chemist of 5,443 grams of amphetamine that could have been produced from the precursor chemicals seized. Original Sentencing Tr. at 5.[3] Although appellants' attorneys did not object to these calculations, counsel for another codefendant, Clay Dalton Johnson, did question Kelly M. Garrett, the

---

[3]     Because the district court did not include a copy of the trial transcript in Mr. Behrens' record on appeal, we have sua sponte supplemented the record in his case to include that transcript. Similarly, we have supplemented Mr. Summerlin's record on appeal to include a copy of the transcript of appellants' original sentencing proceeding, furnished to the court as an attachment to the government's response to Mr. Behrens' § 2255 motion. This transcript is referred to as "Original Sentencing Tr."

United States Probation Officer who prepared Mr. Johnson's Presentence Report, as well as appellants' Presentence Reports. Mr. Garrett testified at Mr. Johnson's portion of the original sentencing hearing that the amount of amphetamine seized was a total of all amounts seized at the lab site. See id. He also testified that the OSBI chemist furnished an estimate of amphetamine that could have been produced from one of the largest amounts of a single precursor chemical seized from the site. See id. at 7. On cross examination from Mr. Johnson's counsel, Mr. Garrett stated that the chemist had also projected an amount that could have been made during a single cook from a smaller amount of precursor chemical present–one pound of phenylacetic acid–and that that estimate was considerably smaller than the estimate based on other precursor chemicals. See id. at 8. On redirect, Mr. Garrett noted that the chemist also indicated that one of the precursor chemicals seized was acetic anhydride, in what the chemist characterized as a "lifetime supply." He opined that had the estimated drug quantity been based on the amount of acetic anhydride present, or on more than a single cook, it would have been higher. See id. at 11-12. The court concluded that the findings in Mr. Johnson's Presentence Report were correct, and that the government had carried its burden to demonstrate that by a preponderance of evidence. See id. at 21. Mr. Garrett's testimony, given in the presence of Mr. Behrens' counsel, was adopted and incorporated as testimony in his sentencing

proceedings.  See id. at 29.  Mr. Behrens' counsel had filed an objection to the Presentence Report, which was presented to the court.  The court overruled the objection, and found that the information in the Presentence Report was correct. See id. at 33.  Mr. Summerlin's counsel had no objections to his Presentence Report, and the court adopted the facts as set out therein.  See id. at 43. Appellants were sentenced in part on a total amount of 13,114.2 grams of amphetamine.  Where the amphetamine attributable to a defendant totals between 5 and 15 kilograms, the Sentencing Guidelines direct that a base level of 32 be applied.  See U.S.S.G. §§ 2D1.1(a)(3); (c)(4).

Appellants have a right to be sentenced on materially correct information. See Browning , 61 F.3d at 755.  The burden of proving the quantity of drugs for sentencing purposes is on the government; the standard is a preponderance of the evidence.  See United States v. Sloan , 65 F.3d 861, 865 (10th Cir. 1995).  The information used to calculate drug quantities must have "sufficient indicia of reliability."  U.S.S.G. 6A1.3(a);  see Richards , 27 F.3d at 468.  We review a district court's drug quantity determination only for clear error.  See United States v. Cook , 949 F.2d 289, 295-96 (10th Cir. 1991).  Because these collateral attacks on appellants' sentences are based on allegations of ineffective assistance of counsel, appellants must show, using the above guidelines and standards, both that their attorneys provided ineffective assistance and that those errors resulted

-9-

in prejudice. See Jackson v. Shanks, 143 F.3d 1313, 1319 (10th Cir.) (citing Strickland v. Washington, 466 U.S. 688, 688, 694 (1984)), cert. denied, 1998 WL 541359 (U.S. Oct. 19, 1998) (No. 98-5679). If they fail to establish either prong, their ineffective assistance claims fail. See id.

Appellants challenge both the calculation of the amount of amphetamine seized from the lab site (7,671.2 grams) and the estimate of the drug quantity which could have been produced (5,443 grams). Because each of the amounts used in reaching the total amount of drugs on which appellants were sentenced is greater than the threshold 5 kilogram level under the Sentencing Guidelines, each of the two separate amounts is sufficient, individually, to support appellants' sentences. Appellants must successfully challenge both amounts to demonstrate prejudice in support of their claims of ineffective assistance of counsel. We address their challenges to the estimated amount first.

Behrens contends that, at the original sentencing hearing, there was testimony about the chemical that the OSBI chemist had used to project the estimated amount, that it was "hydrochloric acid or something." Appellant's Br. at 8. Behrens contends that hydrochloric acid is not a precursor chemical to amphetamine and that the precursor chemical that should have been used to estimate the amount was phenylacetic acid, or PA. From the one pound of PA

seized at the lab site, Behrens asserts that only one pound of amphetamine, or 454 grams, could have been produced, assuming a 100% yield.

Summerlin contends that the estimated amount that could have been calculated from the PA seized was incorrect, and that, because his counsel failed to object, the sentencing court was not compelled to make findings of fact which would have resolved the discrepancy. To his pleading before the district court, Summerlin attached an affidavit from a chemist in support of his argument. That affidavit asserts that the only precursor chemical identified in the OSBI chemist's report was one pound of PA. The chemist also opines that, at most, only 170 grams of amphetamine could have been manufactured from the PA seized from the lab site.

None of appellants' arguments are persuasive. First, the comment at the original sentencing hearing that the OSBI chemist had used "hydrchloric acid or something" to estimate the amount of drugs that could have been produced was made by co-defendant Johnson's counsel, and therefore was not testimony. Original Sentencing Tr. at 7. Further, the OSBI chemist testified at trial that hydrochloric acid was a precursor chemical to amphetamine. See Supple. Rec. Vol. VII, at 1099-1100. Second, the estimated amount of drugs was not based on a calculation of how much amphetamine could have been produced from the one pound of PA seized. Mr. Garrett's testimony at the original hearing makes clear

that the OSBI chemist had originally used the PA as a basis for an estimate, arriving at a much smaller amount.    See Original Sentencing Tr. at 8.  Although PA was a substance identified in the OSBI chemist's report, other substances were identified,    see Supple. Rec. Vol. VII, Trial Tr. at 1047-48, 1060-61, 1063-66, 1072-73, 1105, and the chemist was not obliged to use PA as a basis for his estimate,    cf. United States v. Lillard   , 929 F.2d 500, 504 (9th Cir. 1991) (drug estimate not limited to least abundant precursor chemical present).  Mr. Garrett's testimony demonstrates that a different chemical was used.  Further, although that chemical was not identified at the sentencing hearing, the court specifically ruled that the information contained in the Presentence Reports was correct, adopted all relevant factual matters in those reports, and concluded that the evidence therein was sufficient.    See Original Sentencing Tr. at 33, 43.  Because the estimate of the drug quantity which could have been produced was based on information furnished by an expert, we conclude that the information contained the required indicia of reliability.    See United States v. Andersen   , 940 F.2d 593, 597 (10th Cir. 1991) (citing   United States v. Havens   , 910 F.2d 703, 705 (10th Cir. 1990)).  Therefore, we hold that the    district court's findings based on the Presentence Report were not clearly erroneous.

Because the estimated amount of drugs that could have been produced is greater than the 5 kilogram threshold set by the Sentencing Guidelines,

appellants' further challenges to the actual amount of drugs seized would not, even if successful, change the base levels on which their sentences were computed. Accordingly, we conclude that they have not demonstrated the prejudice necessary to establish ineffective assistance of counsel. Therefore, we need not address whether appellants' attorneys actually provided ineffective assistance. We also need not address appellants' further challenges to the actual amount of amphetamine seized or appellee's arguments in response thereto. However, we do reject the government's contention that Behrens' appeal should be summarily dismissed because he failed to file a copy of his Presentence Report with his appeal. Mr. Behrens appears before this court pro se. Responsibility for transmission of the record on appeal in his case lies with the district court, not with Mr. Behrens. See 10th Cir. R. 10.2.2.

Finally, in light of the above analysis, we reject appellants' contentions that the district court should have held hearings on their habeas claims. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). The district court did not

abuse its discretion by declining to hold hearings.    See United States v. Lopez  ,

100 F.3d 113, 119 (10th Cir. 1996).    The judgments of the United States District

Court for the Eastern District of Oklahoma are AFFIRMED.


                                    Entered for the Court


                                    John C. Porfilio
                                    Circuit Judge