**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT TRUJILLO YOUNG,

Petitioner - Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; JAMES
LOPEZ, Warden,

Respondents - Appellees.

No. 13-2067
(D.C. No. 1:11-CV-01139-MV-LAM)
(D. New Mexico)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Applicant Robert Trujillo Young was convicted in New Mexico state court
of eight crimes, including one count of first-degree felony murder and two counts
of conspiracy to commit murder, and was sentenced to imprisonment for life plus
24 years. He applied for federal habeas relief under 28 U.S.C. § 2254 in the
United States District Court for the District of New Mexico, and that court denied
his application. He now seeks a certificate of appealability (COA) to allow him
to challenge that denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal
denial of § 2254 relief). We deny the application for COA and dismiss the
appeal.

Applicant's offenses were committed while he was incarcerated at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico, in August 1999. Applicant, as a leader of the Los Carnales prison gang, ordered an attack on Adrian Mares, a fellow inmate who survived the attack, and personally led gang members in an attack on correctional officer Ralph Garcia, inflicting multiple stab wounds causing death. He was indicted in May 2000 for first-degree murder and other crimes related to these attacks. The jury returned guilty verdicts and the New Mexico Supreme Court affirmed. Applicant sought postconviction relief in state district court, but his petition was denied and the state supreme court denied review. In December 2011 Applicant filed the present § 2254 application.

Before turning to Applicant's request for a COA, we address a preliminary matter. On April 23, 2013, we issued an order to show cause why he had not waived appellate review of all his claims by failing to object to the magistrate judge's Proposed Findings and Recommended Disposition. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate."). He responds that he did not receive notice of the magistrate judge's actions until after the time to object had expired. We need not decide whether this response is adequate because, as we proceed to explain, none of his claims is entitled to a COA anyway.

-2-

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Therefore, for those of Applicant's claims that the New Mexico courts adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Applicant raises in this court the same six issues he raised in his § 2254 application. (For convenience, we combine what he numbers as his fourth, fifth, and seventh issues.)

First, Applicant claims that his Sixth Amendment speedy-trial right was violated by the 102-month delay between his indictment and trial. The New Mexico Supreme Court adjudicated this claim on the merits, applying the four-part test of *Barker v. Wingo*, 407 U.S. 514 (1972). *See id.* at 530 (considering "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"). It held that the length of delay weighed in Applicant's favor, but that most of the delay was attributable to Applicant's interlocutory appeals, that Applicant failed to assert his right to a speedy trial

-4-

until about eight years after his indictment, and that Applicant had not shown prejudice. We agree with the district court that the state court's balancing of the *Barker* factors was consistent with clearly established Supreme Court precedent.

Applicant's second claim is that trial evidence of his gang affiliation was so improperly prejudicial as to render his trial fundamentally unfair. The New Mexico Supreme Court analyzed this claim under state evidentiary rules and rejected it. "[E]videntiary objections . . . are cognizable on habeas only if the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002) (brackets and internal quotation marks omitted). The district court was clearly correct in deciding that the evidence did not create fundamental unfairness.

Applicant's third claim is that the trial court refused to give his proffered jury instruction on causation and gave ambiguous and confusing instructions on first-degree murder. "Unless the constitution mandates a jury instruction be given, a habeas petitioner must show that, in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny the petitioner due process." *Tiger v. Workman*, 445 F.3d 1265, 1267 (10th Cir. 2006). The New Mexico Supreme Court held that Applicant's requested causation instruction was unnecessary and that the challenged instructions could not have prejudiced Applicant. These conclusions were not contrary to or an unreasonable application

of any Supreme Court precedent, and the district court's conclusion that Applicant failed to show that his trial was rendered fundamentally unfair by these alleged instructional errors is not subject to reasonable debate.

Next, Applicant claims that his trial counsel was constitutionally ineffective under the Sixth Amendment. He organizes his complaints about his attorney's performance in three categories: (1) his attorney failed to call expert witnesses at trial to rebut the testimony of state experts; (2) he failed to call Applicant as a witness in his own defense; and (3) he effectively conceded Applicant's guilt by (a) failing to call certain unnamed inmate witnesses, (b) failing to obtain fingerprint and DNA testing on some of the physical evidence introduced at trial, (c) failing to lodge certain unspecified objections, and (d) failing to cross-examine government witnesses on unspecified points. He also points to his attorney's statements in pretrial proceedings that inadequate compensation was imperiling his ability to conduct a vigorous defense. To establish ineffective assistance, Applicant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984), requiring a showing of both (1) deficient performance by counsel falling "below an objective standard of reasonableness," *id.* at 688, and (2) prejudice to Applicant's case from the deficient performance sufficient to raise "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Applicant has failed to demonstrate prejudice. Although he argues that counsel was obliged to call experts and other witnesses, he does not show what they would have said that would have been helpful to his defense. *See Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) (prejudice not shown from counsel's failure to call witnesses where applicant could not show what helpful testimony the witnesses would have provided). As to his complaint about counsel's failure to call him as a witness in his own defense, Applicant states merely that counsel failed "to ask him if he was willing to defend himself on the stand," Aplt. Br. at 13, and does not allege that he was unaware of or was prevented from exercising his right to testify in his own defense. *Cf. Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004) (thwarting of client's right to testify is "a dereliction of duty [that] would satisfy the first prong of *Strickland*"). And he fails to explain how it would have been to his advantage to testify. *See id.* ("[P]rejudice . . . is established if there is a reasonable probability that defendant's testimony would have raised in a juror's mind a reasonable doubt concerning his guilt."). Similarly, we must reject his remaining ineffective-assistance claims because he has not shown how the results of scientific tests would have aided his defense, what would have been accomplished by additional objections or cross-examination, or what helpful evidence would have been obtained if counsel had more money or resources. Reasonable jurists would not debate the district court's disposition of these claims.

Applicant's sixth claim is that he was denied effective assistance of counsel because his counsel had a conflict of interest. He alleges that correctional authorities informed the trial judge and prosecutor in 2008 that they had confiscated a shank that they believed Applicant intended to use to attack his lawyer, and that the trial judge informed Applicant's lawyer. But he cites no evidence substantiating that the 2008 incident occurred. And in any event, Applicant points to nothing in the record showing that his defense was negatively affected by this incident. *See Mickens v. Taylor*, 535 U.S. 162, 174 (2002). Reasonable jurists would not debate the district court's rejection of this ineffective-assistance claim.

Applicant's final claim is that his appellate counsel was ineffective for failing to argue the same alleged deficiencies in his trial counsel's performance that we have just discussed. But because none of the underlying claims have merit, Applicant clearly fails to show that his appellate lawyer was ineffective for failing to raise them. *See Smith v. Workman*, 550 F.3d 1258, 1268–69 (10th Cir. 2008).

We note that Applicant argues that he was entitled to an evidentiary hearing in district court to develop facts relating to all his claims. But he failed to request an evidentiary hearing in district court, and we decline to grant him relief that he seeks for the first time on appeal. *See Davis v. Workman*, 695 F.3d 1060, 1077 (10th Cir. 2012).

We DENY Applicant's motion for COA and DISMISS his appeal. We GRANT his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge