FILED
United States Court of Appeals
Tenth Circuit

March 9, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID ALLEN RICHESON,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 20-1429
(D.C. No. 1:20-CV-02086-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **BRISCOE**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Plaintiff-Appellant David Allen Richeson, appearing pro se, appeals the

dismissal of his pro se amended complaint for failure to comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure. Exercising

jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Richeson filed a pro se complaint in the United States District Court for the District of Colorado, asserting one or more claims under the Federal Tort Claims Act. The magistrate judge assigned to the case ordered Richeson to file an amended complaint that complied with the pleading requirements of Rule 8. Richeson filed an amended complaint but did not include a short and plain statement of any claims that entitled him to relief. Instead, he attached to the amended complaint 84 pages of exhibits and asserted "[t]he attached 11 March 2020 VA FTCA claim exhibits and supporting documentation detail specific VA employee negligent acts creating personal injury." ROA at 17.

After reviewing the amended complaint and attachments, the magistrate judge determined that Richeson still failed to comply with the pleading requirements of Rule 8 and ordered him to file a second amended complaint. Richeson did not do so despite an extension of the time to file. Therefore, the amended complaint was the operative pleading before the magistrate judge.

On November 3, 2020 the magistrate judge issued a report and recommendation to dismiss Richeson's amended complaint for "fail[ing] to provide fair notice of the specific claims he is asserting and the specific factual allegations that support th[ose] claims." *Id.* at 108. The report and recommendation informed the parties that they had 14 days to file any written objections to the district court and that failure to do so may preclude both de novo review by the district court and appeal. *Id.* at 105 n.2.

Richeson did not file any objections to the report and recommendation. But the district court docket indicates that on November 23, 2020 a copy of the magistrate judge's report that was mailed to Richeson was returned as undeliverable. ECF No. 16. On November 30, 2020, the district court adopted the magistrate judge's report and recommendation and dismissed Richeson's amended complaint without prejudice. The district court also certified that any appeal from this dismissal would not be taken in good faith. Richeson now appeals.

**II**

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). "This rule does not apply, however, when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Id.*

We ordered Richeson to show cause why he has not waived his right to appellate review under our firm waiver rule. Richeson responded that he did not receive written notice of the magistrate judge's report, as the district court docket confirms. Additionally, he claimed that he never received electronic notification of any court action and has had difficulty accessing email correspondence.

We have held that a pro se party has shown cause for a failure to timely object to a magistrate judge's report where the pro se party established that they did not

3

receive the report until after the period for objection expired. *United States v. Summerlin*, 162 F.3d 1175 (10th Cir. 1998) (unpublished); *see also Vega v. Suthers*, 195 F.3d 573, 580 (10th Cir. 1999) ("[W]e have excused the failure to file timely objections only in the rare circumstance in which a represented party did not receive a copy of the magistrate's R & R."). The district court docket indicates that Richeson did not receive a copy of the magistrate judge's report and recommendation. But we need not resolve whether Richeson has waived his appellate rights here because we agree with the district court that his amended complaint does not comply with the requirements of Rule 8. *See Young v. Attorney Gen. for New Mexico*, 534 F. App'x 707, 709 (10th Cir. 2013) (unpublished).

### III

To state a claim for relief, a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. Pro. 8(a)(1). By complying with these requirements, a complaint will provide notice to the opposing party of the basis of the claims against them and will also permit the court to determine whether the allegations, if proven, will entitle the plaintiff to relief.

Richeson's amended complaint does neither of these things and, as a result, does not meet the requirements of Rule 8. Richeson argues, however, that although he does not have all the facts and details of his case, he should not have to provide an exacting account of his injury. But Richeson does not need to provide exact details to

4

state a claim for relief under Rule 8. He needs only to provide allegations which are clear enough so that the opposing party and the court can discern a factual and legal basis for his claims. We agree with the magistrate judge and the district court that Richeson has not met this standard. While the 84 pages of attachments to the amended complaint provide a few pieces of the puzzle as to what has happened to Richeson over the years, together they demonstrate only a general allegation of wrongdoing. And although we must construe Richeson's pro se pleadings liberally, we cannot be his advocate in discerning a factual or legal basis for his claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## IV

For those reasons, we AFFIRM the district court's dismissal of Richeson's complaint. Any other pending motions before the court are dismissed as moot.[1]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] On March 2, 2021, Richeson filed a "Motion to Compel U.S. Department of Veteran Affairs and U.S Social Security Administration to Answer Questions Previously Presented Without Reply as Supported with Attached Affidavits."